### ELLIS WILLIAMS v. THE STATE. ·

No. 6611.   Decided January 25, 1922.

**1.—Misdemeanor Theft—Evidence—Flight—Rule Stated.**

The flight of defendant, and any circumstances which may shed light on the manner and circumstances of same, is admissible in evidence, and the fact that in fleeing the defendant committed other crimes in an effort to escape would not change the rules of evidence to admit such flight. Following Thompson v. State, 234 S. W. Rep., 401.

**2.—Same—Requested Charge—Flight.**

The matter of defendant's flight and his assault upon the party injured in his effort to get away was a matter to be considered by the jury, and there was no error in refusing the requested charge not to do so.

**3.—Same—Evidence—Cicumstantial Evidence.**

Upon trial of theft there was no error in admitting testimony that as defendant fled he was seen to throw away an object and that it was about the size of a brick-bat and brown in color, and was about the size and color of the alleged stolen purse. Following Williams v. State, 60 Texas Crim. Rep., 53, and other cases.

**4.—Same—Identity of Stolen Property—Circumstantial Evidence.**

Where the prosecuting witness testified for the State positively that she saw the defendant take the purse and that the purse exhibited in evidence was the one taken by the defendant, this would obviate the necessity for a charge on circumstantial evidence.

**5.—Same—Sufficiency of the Evidence.**

Where, upon trial of misdemeanor theft, the evidence sustained the conviction, there was no reversible error.

Appeal from the County Court of Tarrant.  Tried below before the Honorable P. W. Seward.

Appeal from a conviction of misdemeanor theft; a fine of twenty-five dollars and ninety days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court at Law of Tarrant County of misdemeanor theft, and his punishment fixed at a fine of $25 and ninety days in the county jail.

Appellant was charged with theft of a lady's purse, it being alleged that same was taken from H. C. Gaither, the owner thereof. Appellant presents five bills of exception, each of which has been carefully examined by us but in none of which do we find any matter complained of, of such gravity as to call for a reversal of this case. Mary E. Wisdom testified for the State that she saw appellant take from the counter of Mr. Gaither the alleged stolen purse, and that she followed him out on the street, overtook him and made some inquiry of him, and that he struck her and ran. She testified that various persons pursued him, and it appears from appellant's bill of exceptions No. 1 that she was asked who was running after him, and replied that one man at the barber shop, and that after he hit her everybody was excited and running after him. Appellant makes complaint that this answer of the witness brought into the case the matter of an aggravated assault by appellant upon her, and that such fact was not only immaterial but was of much prejudice to his cause. We think it proper to develop the flight of the accused and any circumstances which may shed light on the manner and circumstances of same, and that the fact that one who endeavors to flee from the scene of his crime and while doing so commits another crime in his effort to escape, would not so change the rules of evidence as to deprive the State of the right to fully show the circumstances of such flight. This matter has frequently been ruled upon by the courts. Thompson v. State, 90 Texas Crim. Rep., 15, 234 S. W., 401.

It is made to appear by bill of exceptions No. 2 that the trial court was asked by appellant to instruct the jury not to consider the testimony of Mrs. Wisdom, set out in our discussion of appellant's Bill of Exceptions No. 1. The court properly refused said request. The matter of appellant's flight and his assault upon Mrs. Wisdom in his effort to get away, was a matter to be considered by the jury, and it would have been error for the court to have instructed them to the contrary.

It was in testimony for the State that as appellant fled he was seen to throw away an object. A witness who saw him at said time testified that the thing appellant threw away was about the size of a brickbat and brown in color. He was shown by the prosecution the purse in question and asked how the size and color of the object thrown away by appellant compared to the purse shown him. The appellant's objection to this is presented in his Bill of Exceptions No. 3. We think the objection not well taken. The objection made was that the witness having already designated the color, appearance and size of the object which he saw appellant throw aside, it was but a repetition for said witness to undertake to compare same with the purse shown him. Harris v. State, 148 S. W. Rep., 1074; Law v. State, 34 Texas Crim. Rep., 79; Richardson v. State, 7 Texas Crim. App., 492; Williams v. State, 60 Texas Crim. Rep., 457.

By his bill of exceptions No. 4 appellant complains that Mr. Gaither, the alleged owner of the stolen property, was permitted to identify the alleged stolen purse, it being objected that said property had not been properly connected up by the testimony. It was also objected in appellant's bill of exceptions No. 5 that the court declined to submit the law of circumstantial evidence, the ground being that said purse was not properly identified. We find nothing in the objections contained in said two bills of exception just mentioned. Mrs. Wisdom testified for the State positively that she saw the appellant take the purse from the counter in the store of Mr. Gaither, and that the purse exhibited in evidence and shown to Mr. Gaither was the purse so taken by appellant. This would manifestly obviate the necessity for a charge on circumstantial evidence.

This disposes of the contentions of appellant. Mrs. Wisdom was employed by a number of merchants to watch their goods and aid and assist in detecting thefts, and her testimony as to the guilt of appellant would seem to be conclusive.

No reversible error appearing in the record, the judgment of the trial court will be affirmed.

*Affirmed.*