CHARLEY CHADD v. THE STATE.

No. 12829.    Delivered December 18, 1929.
Reported in 23 S. W. (2d) 373.

The opinion states the case.

*Ellis, Mays & Rose* of Amarillo, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment confinement in the penitentiary for two years.

E. J. Sullivan and several companions went to the home of appellant for the purpose of getting some whiskey. Sullivan testified

that one of his companions declined to pay for the whiskey and that a dispute about the matter ensued. He said that during the controversy appellant drew a pistol and shot him in the face. Appellant testified that he had given the parties some whiskey, but denied that he had sold any whiskey. He said the injured party and his companions became boisterous and insisted that he give them another drink; that he told them that he did not have any more whiskey; that they then said they were going to search the place; that he told them to leave the house; that thereupon Sullivan started toward him; that believing the parties were going to attack him, he raised a pistol and fired for the purpose of stopping them; that he did not intend to hit Sullivan or any of·the other parties. Appellant had been sick for several months. Sullivan was a strong vigorous man. Many witnesses testified that appellant's reputation for being peaceable and law-abiding was good.

Officers went to appellant's home about 2 a. m. for the purpose of arresting him. They knocked on the door and called appellant. No response being made, they opened a window, entered the house and turned on a light. Thereupon appellant fired a shot. When the officers arrested appellant he had a pistol in his hand, and appeared to be dazed. One of the officers testified that appellant appeared not to understand what had taken place. This officer testified that they advised appellant that he had shot at one of the officers; that appellant said: "Did I hit him?"; and that he replied: "No, you didn't."; that appellant said: "I am glad I didn't. I am glad I didn't." In this state of the record, although appellant had not refused to testify that he was under another indictment for assault with intent to murder, the district attorney, over proper objection by appellant, introduced in evidence an indictment against appellant charging him with committing an assault with intent to murder on Denton, who was one of the arresting officers. Following the introduction of the indictment, the district attorney introduced in evidence, over proper objection by appellant, a judgment of the district court showing that appellant had entered a plea of guilty to an aggravated assault on the officer under an indictment charging him with assault with intent to murder.

Appellant having taken the stand in his own behalf, it would have been proper for the state to show that he was under indictment for assault with intent to murder, the rule being that the appellant or any other witness may be impeached by proving on cross-examination that he had been indicted or convicted or was then under indict-

ment for a felony or for a misdemeanor imputing moral turpitude, provided the impeaching testimony is not too remote. Branch's Annotated Penal Code of Texas, section 167. However, it was improper for the state, after proving by the officers that appellant had fired a shot at the time he·was arrested, to show that appellant had been indicted by the grand jury for an assault with intent to murder one of such officers. Thompson v. State, 150 S. W. 181. That appellant resisted arrest was admissible as a circumstance tending to show a guilty conscience in connection with the assault he had made on Sullivan. However, to allow the state to prove that the grand jury had indicted him for assaulting one of the arresting officers with intent to murder would be permitting the state to throw the weight of the influence of the grand jury against appellant on the issue of his intent in assaulting Sullivan. Such action would minimize the force of appellant's testimony to the effect that he thought Sullivan was going to attack him and shot at him with no intent to kill, but only for the purpose of stopping his attack. Anderson v. State, Opinion No. 12,388, delivered October 30, 1929. Under the peculiar facts of this case, we are unable to reach the conclusion that the error in question is harmless.

The fact that appellant had pleaded guilty to an aggravated assault under an indictment charging him with assault with intent to murder one of the arresting officers was not admissible for the purpose of impeaching him. The offense he pleaded guilty to was a misdemeanor not involving moral turpitude. Oakley ·v. State, 1 S. W. (2d) 294.

Appellant objected to proof that he resisted arrest. It is not clear that appellant knew or should have known that an attempt was being made to arrest him. We quote from Chester v. State, 300 S. W. 57 as follows:

"It is admissible to prove that an accused resisted arrest by proof of contemporaneous admissions or conduct, but for same to be admissible as an incriminating fact it should be affirmatively shown that the accused knew or should have known that an attempt was being made to arrest him."

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.