ROY C. LASSITER, *alias* R. C. LASSITER, *alias* ROY LASSITER, *alias* JIMMIE WINN, *alias* JIMMIE WELLS, v. THE STATE.

No. 19902.    Delivered June 15, 1938.
Rehearing denied October 19, 1938.

The opinion states the case.

*A. A. Dawson,* of Canton, for appellant.

*Lewis Orsborn,* County Attorney, of Canton, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for 45 years.

The testimony of the State to the effect that appellant entered the place of business of C. A. Glover on the 23d of November, 1937, and robbed him was uncontroverted. Appellant secured approximately $100.00 in money.

Appellant did not testify and introduced no witnesses.

It appears from bill of exception No. 1 that on the occasion of the robbery appellant was driving a stolen automobile. Appellant's objection to proof of such fact was overruled. There is nothing in the bill of exception negativing the fact that such testimony was admissible under some of the exceptions to the general rule inhibiting proof of extraneous offenses. Lawler v. State, 9 S. W. (2d) 259. The bill is insufficient to present reversible error.

Bill of exception No. 2 is in the same attitude as the foregoing bill.

The testimony touching appellant's resistance when the officers attempted to arrest him and his act at the time in shooting an officer was properly received. Williams v. State, 236 S. W. 984.

A careful examination of all of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant's main contention in his motion is that bill of exceptions No. 2 reflects reversible error, and that this cause should be reversed on account of the proceedings complained of therein. This bill shows that on Thanksgiving Day after the alleged robbery on November 23d, a taxicab driver took appellant in his cab from Alamo Plaza, a tourist camp, about one mile from Tyler, to the bus station, and had a conversation with such appellant. The conversation was desultory, and had in it little, if any, probative force. The part complained of by appellant being as follows: "He asked me if I knew where he could find a poker game." No answer appears thereto; no directions given nor anything further relating to such game. There may have been some relevancy to the further part of such examination because of the fact that appellant was possessed of a bill fold that contained some money, but otherwise we can see no great cogency to such testimony. Appellant insists, however, that the fact that it was shown before the jury that he was inquiring about a poker game may have probably been the cause of his receiving the severe penalty of forty-five years in the penitentiary. That it probably convinced the jury that not only was the appellant a highjacker, an auto thief, a person who had resisted arrest, and shot down the constable attempting to lawfully arrest him, but that he was also a poker player. Not all poker games are unlawful, at least for the instant game, and we are hardly able to be impressed with the gravity of the mere statement that appellant was looking for a poker game,— at least to such an extent that it would justify this Court in reversing this judgment thereon. See Wells v. State, 10 S. W. (2d) 994. If error, which we do not assert, it was not of sufficient importance to have caused a conviction herein; nor, in the light of other extraneous offenses properly proven, of sufficient importance to have caused the severity of the verdict.

The motion is overruled.