**Danny Martin KENNEDY Jr., Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–06–00223–CR.**

Court of Appeals of Texas, Eastland.

April 10, 2008.

Robert F. Watson, Mineral Wells, for appellant.

Steven C. Bankhead, Asst. Dist. Atty's Office, Palo Pinto, for appellee.

Panel consists of: WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION

TERRY McCALL, Justice.

The jury found Danny Martin Kennedy Jr. guilty of the aggravated sexual assault of his four-year-old daughter and assessed his punishment at sixty years confinement in the Institutional Division of the Texas Department of Criminal Justice and a fine of $10,000. We affirm.

Appellant does not challenge the sufficiency of the evidence. Witnesses for the State at trial were his daughter (who by then was six years old), her mother (appellant's wife), an investigator for Child Protective Services, an investigator with the Palo Pinto County Sheriff's Office, and a psychologist (president of Behavioral Measures & Forensic Services in Dallas).

Appellant raises three points of error. His first point involves challenges for cause during voir dire (due to answers concerning the full range of punishment) and his request for additional peremptory challenges. His second point involves the admissibility of a statement by appellant to the psychologist. His third point involves a remark by the State during closing argument.

*Voir Dire Questions Concerning Full Range of Punishment*

In appellant's first point, he contends that the trial court erred in rehabilitating certain veniremembers who had stated that they could not consider the minimum punishment in an aggravated sexual assault case.

In reviewing trial court rulings on challenges for cause, we afford the trial court considerable deference because it is in the best position to evaluate a prospective juror's demeanor and responses. *Russeau v. State,* 171 S.W.3d 871, 879 (Tex.Crim.App.2005); *Colburn v. State,* 966 S.W.2d 511, 517 (Tex.Crim.App.1998). We will reverse a trial court's ruling on a challenge for cause only if a clear abuse of discretion is evident. When a prospective juror's answers are vacillating, unclear, or contradictory, we accord deference to the trial court's decision. *Russeau,* 171 S.W.3d at 879.

At the outset of the voir dire, the trial court asked if there were any veniremembers who could not consider the full range of punishment, "all the way from a low of five years with a probated sentence up to a high of 99 years or life in prison," in an aggravated sexual assault of a child case. Two members said that they could not and were dismissed for cause. During trial counsel's voir dire, he stated that the State had to prove every single element beyond a reasonable doubt and had "to prove that Danny Kennedy molested his daughter." Subsequently, trial counsel said that he wanted to go over the range of punishment again. When he asked if each member could "fairly consider the minimum range of punishment of five years probation for the crime of aggravated sexual assault of a child," twenty-one additional members indicated that they could not.[1]

---

1. We are assuming that those twenty-one members indicated that they could not con-

At the end of trial counsel's voir dire, the trial court observed that, when it asked the question concerning the range of punishment, only two members said that they could not consider the full range but that many members said they could not when trial counsel later asked the question. The trial court then asked one veniremember why he had changed his answer. He responded that the trial court had asked a general question but that trial counsel "got it in our face." The veniremember was referring to trial counsel's statement that the State had to prove that "Danny Kennedy molested his daughter." The trial court explained that it was inappropriate for the trial court or either lawyer to pin the veniremembers down prior to trial to what they would do in view of specific facts of this case. The trial court then correctly phrased the punishment question and questioned the veniremembers again.[2]

After the trial court had questioned each veniremember, the State and trial counsel agreed on the dismissal of seventeen members for cause. Trial counsel later asked for four additional peremptory strikes. He stated to the court that he had to use peremptory strikes against veniremembers Mr. Nelson, Dr. Baker, Mr. Veliz, and Ms. Fisher because they were not also dismissed for cause and had been rehabilitated. Appellant repeated his earlier objection to the trial court that the court could not rehabilitate jurors after they had indicated they could not consider the full range of punishment; his objection was not that the four were not properly rehabilitated.

Appellant has provided few references to the record, and we are unable to find where the trial court questioned a Mr. Nelson. Further, the record does not reflect that a Mr. Nelson ever stated that he could not consider the full range of punishment. Dr. Baker stated several times to the court that in a proper case he could consider the minimum punishment. Mr. Veliz and Ms. Fisher told the trial court that the only reason they had changed their answer was because of trial counsel's giving the specific fact that appellant was charged with aggravated assault of his own daughter. It is not at all clear from the record that Mr. Veliz and Ms. Fisher could not consider the full range of punishment in an aggravated sexual assault case as they had first indicated.

Appellant argues that the trial court erred because "[i]t is not the function of the Court to rehabilitate venire persons." Appellant cites *Gardner v. State*, 733 S.W.2d 195 (Tex.Crim.App.1987), for this proposition. However, the court in *Gardner* stated that a trial court may ask questions of veniremembers:

> In countless cases before this Court, we have seen the trial judges intervene in voir dire examinations. Usually such intervention is warranted for purposes of clarification and expedition and we have implicitly approved this practice time and time again. *Enriquez v. State*,

---

sider the full range of punishment when asked by trial counsel. The record is not at all clear on each juror's view on the full range of punishment because trial counsel went through the panel quickly without making certain each juror made his or her actual views on punishment known.

**2.** The court asked, "Are you able to reasonably and fairly consider the full range of pun-

ishment in an aggravated sexual assault of a child case, all the way from the lowest possible punishment to the highest possible punishment and wait until you hear the facts of the particular case to decide what is appropriate?" The court had reminded them that the low end of the range was five years with a probated sentence and the high end of the range was ninety-nine years or life.

429 S.W.2d 141 (Tex.Cr.App.1968). See also: *Anderson v. State*, 633 S.W.2d 851 (Tex.Cr.App.1982). Only when a trial court's comments during voir dire are reasonably calculated to benefit the State or prejudice the defendant's rights will reversible error occur.

*Gardner*, 733 S.W.2d at 210.

 The record reflects that the veniremembers were confused. The trial court correctly advised them that it was improper to obtain a commitment from a juror as to how he or she would decide an issue in the case based on a particular fact. *See White v. State*, 629 S.W.2d 701, 706 (Tex.Crim.App.1981). Commitment questions are those that commit a prospective juror to resolve or to refrain from resolving an issue a certain way after learning a particular fact. *Standefer v. State*, 59 S.W.3d 177 (Tex.Crim.App.2001).

*Standefer* overruled the earlier case of *Maddux v. State*, 862 S.W.2d 590 (Tex. Crim.App.1993), that "held that defense counsel could properly ask whether a prospective juror could consider probation in a murder case in which a child had died." *Standefer*, 59 S.W.3d at 180. *Standefer* stated that trial counsel can still ask, "Can you consider probation in a murder case?" because that question only commits a prospective juror "to [keep] the punishment options open (i.e., to refraining from resolving the punishment issues in a certain way) in a murder case." *Id.* at 181. A prospective juror must be able to consider the full range of punishment provided for an offense or be challengeable for cause. In other words, jurors are required to follow the law as enacted by the legislature. *Id.* at 181.

The trial court in this case determined that trial counsel had in effect asked, "Can you consider probation in an aggravated assault of a child case where the child is the daughter of the defendant?" A negative answer to that question would not mean that the juror could not consider the full range of punishment in an appropriate case of aggravated sexual assault of a child. At the punishment phase, a juror might or might not consider the fact that a victim is the daughter of the defendant; the legislature has not required that fact to be considered as an element. As *Standefer* stated, it is improper to ask the question, "Could you consider probation in a case where the victim is a nun?" because that asks the juror "to say whether he would refrain from resolving an issue in the case (probation) based upon a fact in the case (the victim is a nun)." *Id.* at 180. Thus, it does not appear that the four members were challengeable for cause in any event. *See Lee v. State*, 206 S.W.3d 620 (Tex.Crim.App.2006). Appellant's first point is overruled.

### Admissibility of Appellant's Confession

 In three short paragraphs, appellant complains that the trial court erred in allowing his confession to a psychologist to be introduced into evidence. Appellant states that he was driven to Dallas for a polygraph test at the direction of the Palo Pinto County District Attorney; that he "wrote out a confession admitting his guilt in this case" while being interviewed; and that, although he gave the confession after being given *Miranda*[3] warnings, his attorney was not present. Appellant provides only four citations to the record and cites no cases. Appellant's claim has been inadequately briefed and presents nothing for review. TEX.R.APP. P. 38.1; *Salazar v. State*, 38 S.W.3d 141, 147 (Tex.Crim.App. 2001); *Aldrich v. State*, 928 S.W.2d 558 (Tex.Crim.App.1996).

---

**3.** *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Despite appellant's inadequate briefing, we have reviewed the record and find that appellant's complaint lacks merit. When reviewing the trial court's decision on the admission of evidence, appellate courts use the abuse of discretion standard. *Torres v. State,* 71 S.W.3d 758, 760 (Tex.Crim. App.2002); *Burden v. State,* 55 S.W.3d 608, 615 (Tex.Crim.App.2001). The trial court's ruling will not be reversed unless that ruling falls outside the zone of reasonable disagreement. *Torres,* 71 S.W.3d at 760; *Burden,* 55 S.W.3d at 615.

█ The State presented evidence that appellant and his former counsel had consented to the polygraph examination. Officer Craig Gowen with the Palo Pinto County Sheriff's Office testified that he transported appellant to Dallas at "his prior counsel's request" to meet with a man named Rick Holden. The trial court then excused the jury and conducted a hearing to determine "the voluntariness and admissibility" of the statement made by appellant to the psychologist, Eric Joseph Holden, the president of Behavioral Measures & Forensic Services in Dallas. Holden testified that he was aware that appellant's former counsel had permitted appellant to be interviewed, that appellant voluntarily signed a consent form that contained the *Miranda* warnings, that Holden went over the consent form with appellant, and that the last paragraph of the consent form contained a statement that all the matters set out in the form were explained to appellant and that appellant fully understood his rights. Holden said that he and appellant then talked for about three and one-half to four hours.

During the interview, appellant explained his version of what had happened with his daughter and signed a written statement that contained the following:

I realized after I woke up with her mouth on my penis, I had been dreaming. I was under the covers not longer than a minute and realized that Patty [appellant's wife] was at work. Her mouth on my penis top one minute before I came. During that time, I realized that Patty was at work and that it was [appellant's daughter].

Officer Gowen was recalled and testified that he signed appellant's statement as a witness and that appellant signed the statement "freely and voluntarily." Officer Gowen said that he had not spoken directly with appellant's former counsel but that it was clear to him while driving to Dallas that appellant knew where he was going, that it was his idea to go there, and that he wanted to go to Dallas. There was no rebuttal evidence by appellant during the hearing. Appellant's only objection was that his appointed counsel was not present at his interview with Holden.

At the end of the hearing outside the jury's presence, the trial court first made certain that appellant's counsel had been furnished appellant's statement and the consent form prior to trial. The trial court found that appellant's counsel had consented to the examination; that appellant had been given all of the advice, information, and warnings required by law; that the statement was voluntarily and freely made; that appellant had been furnished the statement and consent form prior to trial; that appellant had been given the opportunity to present witnesses and to cross-examine witnesses during the hearing; and that appellant's statement was admissible as evidence in the trial. The statement and consent form were introduced into evidence during Holden's testimony when the trial resumed.

The trial court did not err in admitting appellant's statement. Appellant's second point is overruled.

*Closing Argument*

In appellant's third and final point, he claims that the trial court erred in allowing the State to specifically refer to appellant not presenting evidence during trial. Appellant objected to the following statement by the State during closing argument:

Now, the witnesses that we've brought you and the things that they testified to, if defense had anything that they could bring you to rebut any of that, don't you know they would have done it?

At that point, appellant stated the following:

Objection, Your Honor. That's a direct violation of law and the Court's instructions.

The trial court then stated:

I understand. Ladies and gentlemen, I'll just say this: the instructions that I've given you in the charge will control. Just pay real close attention to those instructions.

The record reflects that appellant did not ask for an instruction to disregard or request a mistrial.

■ The only case cited by appellant is *Montoya v. State,* 744 S.W.2d 15 (Tex. Crim.App.1987). In *Montoya,* the State said, "What do we hear from this man over here?" That comment was error. 744 S.W.2d at 34. In *Montoya,* however, the court found that the error was harmless. *Id.* at 40. Apparently, appellant is arguing on appeal in this case that the State's comment was a direct comment on appellant's failure to testify. Appellant's objection at trial did not comport with his complaint on appeal. Appellant has waived this complaint. TEX.R.APP. P. 33.1; *Smith v. State,* 176 S.W.3d 907 (Tex.App.-Dallas 2005, pet. ref'd).

■ There is an additional reason why the complaint has been waived. Even if we were to conclude that the statement was an indirect reference to appellant's failure to testify—which we do not believe it was—appellant waived any objection because he did not request an instruction to disregard by the trial court. To preserve error in prosecutorial argument, a defendant must pursue to an adverse ruling his objections to jury argument. *Archie v. State,* 221 S.W.3d 695 (Tex.Crim.App. 2007). The usual sequence is objection, instruction to disregard, and motion for mistrial. *Young v. State,* 137 S.W.3d 65, 69–70 (Tex.Crim.App.2004). Appellant did not request an instruction to disregard or a motion for mistrial. Appellant's third point is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.