# NO. 12-14-00292-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *JUAN ENRIQUEZ,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### MEMORANDUM OPINION
### PER CURIAM

Relator, Juan Enriquez, requests a writ of mandamus directing the trial court to rule on his postconviction application for writ of habeas corpus. The respondent is the Honorable Deborah Oakes Evans, Judge of the 87th Judicial District Court, Anderson County, Texas. The real party in interest is the State of Texas.

### PROCEDURAL BACKGROUND

Relator was convicted of murder with malice aforethought and, on October 19, 1966, was sentenced to death. *See Ex parte Enriquez*, 490 S.W.2d 546, 547 (Tex. Crim. App. 1973). He appealed, and the Texas Court of Criminal Appeals affirmed the trial court's judgment on February 14, 1968. *Enriquez v. State*, 429 S.W.2d 141, 145 (Tex. Crim. App. 1968). On June 29, 1972, the United States Supreme Court declared that "the imposition and the carrying out of the death penalty in these cases" constituted cruel and unusual punishment. *See Furman v. Georgia*, 408 U.S. 238, 239-40, 92 S. Ct. 2726, 2727, 33 L.Ed.2d 346 (1972). One of the cases decided with *Furman* was *Branch v. Texas*. After the Supreme Court's decision, the Honorable Preston Smith, Governor of the State of Texas, commuted Relator's sentence to imprisonment for life. *See Ex parte Enriquez*, 490 S.W.2d at 547.

On July 9, 2003, Relator filed an application in the trial court requesting a postconviction writ of habeas corpus. He asserted that he "is detained in the state penitentiary without judgment

or sentence" and therefore "is detained . . . solely on a governor's proclamation issued August 31, 1972." However, he alleged, the governor's proclamation is insufficient to authorize his continued detention. Consequently, he sought habeas relief under Article V, Section 8 of the Texas Constitution. *See* TEX. CONST. art. V, § 8 (setting out broad grant of jurisdiction to district courts). According to Relator, the respondent has not ruled on his habeas application, which has been pending for more than eleven years.

<u>AVAILABILITY OF MANDAMUS</u>

Initially, we note that, in a prior appeal filed by Relator, the San Antonio court of appeals determined that "[t]he legal effect of a commutation of sentence on the prisoner's status is as though the prisoner's sentence had originally been assessed at the commuted punishment." ***Enriquez v. State***, No. 04-10-00071-CR, 2011 WL 2637370, at *2 (Tex. App.–San Antonio July 6, 2011, pet. ref'd) (mem. op., not designated for publication). Thus, "no change in the original judgment is necessary," and "no additional procedure is required for the prisoner to be validly sentenced to the commuted sentence." ***Id.*** Therefore, we conclude that Relator is being detained under the original judgment of conviction as modified by the governor's commutation.

Texas Code of Criminal Procedure Article 11.07 is the exclusive procedure available to an applicant seeking relief from a felony judgment imposing a penalty other than death. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 §§ 1, 5 (West Supp. 2014). Moreover, the court of criminal appeals has recently clarified that because it has exclusive Article 11.07 jurisdiction, an intermediate appellate court has no jurisdiction to rule on matters pertaining to a pending Article 11.07 application. *See **Padieu v. Court of Appeal of Tex., Fifth Dist.***, 392 S.W.3d 115, 117-18 (Tex. Crim. App. 2013).

Because Article 11.07 applies to Relator's application for habeas relief, and this Court has no jurisdiction to rule on any matters pertaining to a pending Article 11.07 habeas application, we are without jurisdiction to reach the merits of Relator's complaint. Accordingly, we ***dismiss*** Relator's petition for writ of mandamus ***for want of jurisdiction.*** *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 § 1; ***Padieu***, 392 S.W.3d at 117-18.

Opinion delivered December 17, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

DECEMBER 17, 2014

NO. 12-14-00292-CR

**JUAN ENRIQUEZ,**
Relator
v.
**HON. DEBORAH OAKES EVANS**,
Respondent

Appeal from the 87th District Court

of Anderson County, Texas (Tr.Ct.No. 87-9821)

ON THIS DAY came to be heard the petition for writ of mandamus filed by **JUAN ENRIQUEZ**, who is the relator in Cause No. 87-9821, pending on the docket of the 87th Judicial District Court of Anderson County, Texas. Said petition for writ of mandamus having been filed herein on October 14, 2014, and the same having been duly considered, because it is the opinion of this Court that it lacks jurisdiction, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **dismissed for want of jurisdiction**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*