*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★  ★ ★ ★

# OPINION

No. 04-06-00435-CR

Jesus Jaime **JIMENEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B06-146
Honorable Emil Karl Prohl, Judge Presiding

Opinion by:   Catherine Stone, Chief Justice

Sitting:   Catherine Stone, Chief Justice
Karen Angelini, Justice
Rebecca Simmons, Justice

Delivered and Filed:   June 24, 2009

AFFIRMED

Jesus Jimenez was charged with engaging in organized crime.  A jury found Jimenez guilty

of the alleged offense and sentenced him to 50 years imprisonment.  Jimenez raises eleven issues on

appeal.  We affirm.

### BACKGROUND

Jimenez is a member of the Mexican Mafia, as are several of his associates, Robert Perez, Sammy Menchaca, Robert Menchaca, and Stephen Flores. The State contended that Jimenez and his fellow mafia members conspired to rob several local drug dealers (Hector Cantu, Guadalupe Vela, and Frank Alvarado) of both property and money. According to the State, Jimenez and his co-conspirators threatened Cantu, Vela, and Alvarado with serious bodily injury or death. Jimenez and his co-conspirators were eventually arrested for their crimes.

Jimenez and his co-conspirators were charged with engaging in organized crime in separate indictments in 2005. Flores subsequently agreed to cooperate with the State and provide testimony against his former associates. On March 6, 2006, approximately 20 days before a joint trial was set to commence, the State re-indicted Jimenez and his co-conspirators in separate indictments for engaging in organized crime. The trial court eventually severed each of Jimenez's co-defendants from the case. Jimenez proceeded to trial on his own on April 3, 2006. Flores, Cantu, Vela, and Alvarado each testified against Jimenez at trial. Based on the testimony presented by these witnesses, a jury found Jimenez guilty of the alleged offense. Jimenez was sentenced to 50 years imprisonment and this appeal followed.

### DISCUSSION

On appeal, Jimenez presents numerous issues for review regarding pre-trial matters, evidentiary rulings, and other miscellaneous matters. We are of the opinion that Jimenez has not demonstrated reversible error on appeal; therefore, we overrule each of his appellate complaints.

## A. Failure to Read the Proper Indictment

Jimenez contends he is entitled to a new trial because the State failed to read the correct indictment prior to the presentation of its case. The State filed individual indictments against Jimenez and his co-conspirators for engaging in organized crime. Jimenez and his co-defendants pleaded not guilty to the charges filed against them and proceeded to trial jointly. After the jury was sworn, the State proceeded to read the indictment in the jury's presence. The State began by informing the court that it would read each defendant's name followed by the reading of only one of the indictments "since the indictments are identical." The State then read an indictment alleging Jimenez, Perez, S. Menchaca, R. Menchaca, as well as another individual, Moses Hernandez, engaged in organized crime. Jimenez objected on the ground the State had read an incorrect indictment as to him because Moses Hernandez was not a co-defendant in his indictment. The trial court immediately conducted a bench conference and released the jury for the remainder of the week to resolve the indictment issue.[1]

The State informed the court the inclusion of Moses Hernandez's name in the indictment was a clerical mistake and agreed not to present any evidence concerning Moses Hernandez during trial. The trial court declared Moses Hernandez's name was mere surplusage in the indictment and instructed the State to read each of the defendant's indictments in the jury's presence so that each defendant could enter a plea to as to his particular indictment. Shortly after the court's ruling, the trial court learned each of Jimenez's co-defendants had not been arraigned on the new indictments

---

[1] The State read the indictment referring to Moses Hernandez on Thursday, March 30, 2006. The record shows the court released the jury until Monday, April 3, 2006.

filed by the State.[2] As a result, the trial court severed each of Jimenez's co-defendants from the case and Jimenez proceeded to trial on his own on April 3, 2006. When Jimenez appeared without his co-defendants, the record shows the State began the proceeding by reading the "correct" version of the indictment before the jury, *i.e.*, the indictment omitting any reference to Moses Hernandez.

The issue before us is whether the reading of the "wrong" indictment, referencing Moses Hernandez as a defendant, rather than the "correct" indictment omitting his name, was error and, if so, whether such error was harmful. Article 36.01 of the Texas Code of Criminal Procedure requires the State to read the indictment before the jury. TEX. CODE CRIM. PROC. ANN. art. 36.01(a)(1) (Vernon 2007); *Martinez v. State*, 155 S.W.3d 491, 495 (Tex. App.—San Antonio 2004, no pet.). The reading of the indictment is mandatory. *Martinez*, 155 S.W.3d at 495. The rationale for the rule is to inform the accused of the charges against him, to inform the jury of the charge at issue, and to allow the jury to hear the defendant refute or admit the charge. *Id.* Without the reading of the indictment and the entering of a plea, no issue is joined to try. *Id.*

The record shows the State read an indictment to the jury, but mistakenly referenced an individual who was not charged with an offense. Even if we were to assume the State erred in reading the "wrong" indictment, such error was harmless under the circumstances. *See* TEX. R. APP. P. 44.2(b); *Llamas v. State*, 12 S.W.3d 469, 471 n. 2 (Tex. Crim. App. 2000). Texas Rule of Appellate Procedure 44.2(b) provides an appellate court must disregard non-constitutional error that does not affect a criminal defendant's substantial rights. TEX. R. APP. P. 44.2(b). Under this rule, "an appellate court may not reverse for non-constitutional error if the court, after examining the record as a whole, has fair assurance that the error did not have a substantial and injurious effect or

---

[2] The record indicates there was no arraignment issue as to Jimenez because Jimenez waived arraignment at a pretrial hearing.

influence in determining the jury's verdict." *Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004).

After Jimenez's co-defendants were severed, the State read the "correct" indictment in the jury's presence. The record further shows the State did not present any evidence regarding Moses Hernandez during trial or refer to him in any way. Finally, nothing in the record indicates Jimenez had to alter his defense as a result of the State's purported error. We therefore hold the State's reading of the wrong indictment did not affect Jimenez's substantial rights and was thus harmless. *See generally Simmons v. State*, 106 S.W.3d 756, 760 (Tex. App.—Texarkana 2003, no pet.) (holding State's error in reading original indictment with different description of deadly weapon than in amended indictment did not have a substantial or injurious effect on jury's verdict and was harmless). Jimenez's first issue is overruled.

## B. Denial of a Continuance

Jimenez complains the trial court abused its discretion in denying his motion for continuance. He contends he was entitled to a continuance due to the State's refusal to disclose material evidence, including a video concerning one of his alleged co-conspirators (Flores). Jimenez argues trial counsel had inadequate time to prepare for trial as a result of the State's conduct and that counsel needed additional time to prepare after the trial court severed his case from his co-defendants' cases.[3]

A trial court's ruling on a motion for continuance is reviewed for an abuse of discretion. *Wright v. State*, 28 S.W.3d 526, 532 (Tex. Crim. App. 2000). To establish an abuse of discretion, the defendant must show he was actually prejudiced by the denial of his motion. *Id.* The court of criminal appeals has held a motion for continuance must be made in writing and sworn; otherwise,

---

[3] Until the severance, the attorneys for all of the defendants apparently had divided up the workload for trial.

any complaint about the trial court's refusal to grant a continuance request is waived. *Dewberry v. State*, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999).

Jimenez filed a written motion for continuance on the morning of April 3, 2006, the day he was set to go to trial following the State's reading of the "wrong" indictment. Although Jimenez's motion for continuance was made in writing, it was not sworn. The trial court heard arguments on Jimenez's unsworn motion before trial. The trial court denied Jimenez's request for a continuance following the arguments of defense counsel. Jimenez's counsel nevertheless reurged his request for a continuance, asking the court for "another day" to review Flores's video and more fully prepare for trial. The trial court once again denied Jimenez's request for a continuance.

Jimenez acknowledged during oral argument that motions for continuance must be sworn to and in writing to preserve error. *See id.* He nevertheless asserts the denial of an oral or unsworn motion for continuance is reviewable if it amounts to a denial of due process. *See O'Rarden v. State*, 777 S.W.2d 455, 459 (Tex. App.—Dallas 1989, pet. ref'd) (providing an "equitable exception" to the requirement that motions for continuances be written and sworn). However, this court, as well as several of our sister courts, have rejected the line of cases cited by Jimenez providing for an "equitable exception" to the requirement that motions for continuances be sworn to and in writing. *See Mitchell v. State*, No. 04-03-00112-CR, 2003 WL 22492457, *3 (Tex. App.—San Antonio 2003, no pet.) (mem. op., not designated for publication) (rejecting "equitable exception" argument); *Woodall v. State*, 77 S.W.3d 388, 401 (Tex. App.—Fort Worth 2002, pet. ref'd) (same); *Dixon v. State*, 64 S.W.3d 469, 473 (Tex. App.—Amarillo 2001, pet. ref'd) (same).

The record demonstrates Jimenez failed to file a sworn continuance motion. Based on precedent from the court of criminal appeals, we must conclude Jimenez failed to preserve his

continuance complaint for appellate review. *Dewberry*, 4 S.W.3d at 755 ("A motion for continuance not in writing and not sworn preserves nothing for review."); *Johnson v. State*, 257 S.W.3d 778, 781 (Tex. App.—Texarkana 2008, pet. ref'd) (holding appellant failed to preserve error where continuance motion was in writing, but not sworn). Jimenez's second and third issues are overruled.

## C. Erroneous Admission of Evidence

Jimenez claims the trial court abused its discretion by admitting into evidence Spanish tape recordings when a sworn interpreter had not translated the recordings from Spanish to English for the jury. Jimenez asks this court to establish a bright line rule prohibiting the admission of non-translated foreign language evidence, and dispensing with the need to object when such evidence is admitted. This court is not at liberty to fashion such a bright line rule.

A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard. *Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001). A trial court abuses its discretion when its determination of evidentiary admissibility falls outside the zone of reasonable disagreement. *McCarty v. State*, 257 S.W.3d 238, 239 (Tex. Crim. App. 2008).

The record shows Jimenez and his co-conspirators made more than 1,000 phone calls while incarcerated. Many of these conversations occurred in English, but some occurred in Spanish. Jimenez asked the State to produce copies of these telephone conversations during a pretrial hearing in November 2005. After the State complied with his request, defense counsel urged the court to provide him with access to an interpreter to translate the Spanish conversations into English because he did not speak Spanish and needed the interpreter to prepare for trial. The trial court denied the request.

At trial, the State, without any objection from defense counsel, introduced 11 of the phone

conversations into evidence, including five of the Spanish conversations. The State offered these recordings to show Jimenez and his cohorts are members of a criminal organization and engaged in conversations while incarcerated to further their criminal enterprise. The record shows that other than the opinion testimony of one of the State's witnesses (a law enforcement investigator) regarding the content of the conversations, no English translation of the Spanish recordings was provided to the jury.

Jimenez's complaint on appeal alleges the Spanish recordings were inadmissible because a sworn interpreter had not translated the recordings into English. Jimenez, however, failed to raise his complaint to the trial court when the Spanish recordings were played to the jury during trial. As a prerequisite to presenting a complaint for appellate review, the record must demonstrate the appellant made his complaint to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that he sought from the trial court with sufficient specificity to make the trial court aware of the complaint. TEX. R. APP. P. 33.1(a). The contemporaneous objection requirement encompasses a complaint about a trial court's improper admission of evidence. *Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002) ("We have consistently held that the failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence."). By not lodging a contemporaneous objection when the Spanish recordings were presented to the jury, Jimenez failed to preserve his complaint for appellate review. *See id.* Jimenez's fourth issue is overruled.

Jimenez also argues the trial court erred by allowing the State to introduce any of the recorded phone conversations because the State failed to provide him with reasonable notice of its intent to use such recordings in accordance with Texas Rule of Evidence 404(b). *See* TEX. R. EVID.

404(b) ("Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction."). Even if we were to assume the trial court erred by allowing the State to introduce any of the recorded phone conversations, we cannot say Jimenez was harmed by such error.

The record shows the jury heard ample evidence implicating Jimenez's guilt other than the disputed phone recordings. The disputed phone recordings were only a small fraction of the evidence against Jimenez. Not only did the jury hear testimony from the various victims of Jimenez's crimes, the jury heard testimony from one of his former associates (Flores). The record shows the testimony presented against Jimenez indicated he is a member of the Mexican Mafia and that he and his co-conspirators relied upon their Mexican Mafia status to intimidate and terrorize. The jury heard testimony indicating Jimenez's victims were forced to give their money and property to the mafia members because they feared for their safety following their conversations with Jimenez and his associates. Such testimony is sufficient to establish Jimenez's guilt. The record further demonstrates the State did not rely upon the recorded phone conversations during either its opening or closing statements. Lastly, the phone recordings did not constitute a critical part of the State's case against Jimenez. Considering the totality of the proceedings, we do not believe the admission of the recorded phone conversations–either in English or in Spanish–had a substantial and injurious effect or influence in determining the jury's verdict. *See* TEX. R. APP. P. 44.2(b). Jimenez's seventh

issue is overruled.

**D. Denial of Sixth Amendments Rights**

Jimenez claims the trial court's decision to admit the Spanish phone conversations without an English translation prevented defense counsel from properly cross-examining the State's witnesses. Jimenez asserts the trial court thus violated his rights under the Sixth Amendment to the United States Constitution. These constitutional challenges, however, were not raised when the State introduced the recordings during trial. Jimenez's claims are therefore not preserved for appellate review. TEX. R. APP. P. 33.1(a); *see Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) ("Even constitutional errors may be waived by failure to object at trial."). Jimenez's fifth and sixth issues are overruled.

**E. Court Reporter's Failure to Record the Spanish Phone Conversations Played During Trial**

Jimenez argues he is entitled to a new trial because the court reporter failed to transcribe the Spanish phone recordings when they were played to the jury and omitted several words and phrases from two of the other conversations played during trial. According to Jimenez, he may have considered raising additional appellate complaints, including a challenge to the sufficiency of the evidence, had the court reporter transcribed the entire lower court proceedings. Jimenez claims his situation is governed by Rule 34.6(f) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 34.6(f). Rules 34.6(f) reads as follows:

An appellant is entitled to a new trial under the following circumstances:

(1) if the appellant has timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or – if the proceedings

were electronically recorded – a significant portion of the recording has been lost or destroyed or is inaudible;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

*Id.* Where an appellant may meet the other requirements of Rule 34.6(f), but fails to show the missing portion of the record is necessary to his appeal's resolution, a new trial is not required. *Routier v. State*, 112 S.W.3d 554, 571-72 (Tex. Crim. App. 2003); *Issac v. State*, 989 S.W.2d 754, 757 (Tex. Crim. App. 1999). The question of whether a missing portion of the reporter's record is necessary to the appeal's resolution is essentially a harm analysis. *Routier*, 112 S.W.3d at 571; *Issac*, 989 S.W.2d at 757. If the missing portion of the record is not necessary to the appeal's resolution, then the loss of that portion of the record is harmless and a new trial is not required. *Routier*, 112 S.W.3d at 571-72; *Issac*, 989 S.W.2d at 757.

In *Routier v. State*, the defendant claimed she was entitled to have her conviction reversed because 54 pages from the reporter's record were either lost or destroyed through no fault of her own. 112 S.W.3d at 570. The defendant claimed the missing portion of the record was essential and necessary to her appeal because prospective jurors might have received erroneous instructions in the missing record. *Id.* at 571. The court of criminal appeals concluded the defendant failed to show the missing portion of the record was necessary to her appeal. *Id.* at 572. The court stated:

The appellant includes no point of error regarding the instructions given to prospective jurors. The suggestion that instructions may have been erroneous, without more, does not make that portion of the record necessary to her appeal.

*Id.* at 571.

Jimenez's suggestion that the Spanish conversations and unrecorded words/phrases from two other conversations potentially could have assisted him on appeal, without more, does not make the missing portions of the record necessary to his appeal. *See id.* We therefore hold Jimenez has not met his burden of showing the missing portions of the record are necessary to the appeal's resolution. Jimenez's eighth issue is overruled.

## F. Disqualification of a Defense Witness

Jimenez alleges the trial court abused its discretion when it disqualified one of his witnesses based on a violation of Texas Rule of Evidence 614 ("the Rule"). The Rule provides for the exclusion of witnesses from the courtroom during trial. TEX. R. EVID. 614. The purpose of the Rule is to prevent corroboration, contradiction, and the influencing of witnesses. *Potter v. State*, 74 S.W.3d 105, 110 (Tex. App.—Waco 2002, no pet.). When the Rule is invoked, a witness should not hear testimony in the case or talk to any other person about the case without the court's permission. *Id.* Although the trial court is obligated to exclude witnesses from the courtroom during the testimony of other witnesses, the court's decision regarding a witness who has violated the Rule is discretionary. *Id.* Thus, when the Rule is violated, the trial court may, taking into consideration all of the circumstances, allow the testimony of the potential witness, exclude the testimony, or hold the violator in contempt. *Harris v. State*, 122 S.W.3d 871, 882 (Tex. App.—Fort Worth 2003, pet. ref'd).

In *Webb v. State*, 766 S.W.2d 236, 244-45 (Tex. Crim. App. 1989), the court of criminal appeals formally adopted a test to apply when a witness is prohibited from testifying because the

witness violated the Rule. *See Routier*, 112 S.W.3d at 590. The appellate court determines:

> (1) if the rule was violated and the witness disqualified, were there particular circumstances, other than the mere fact of the violation, which would tend to show the defendant or his counsel consented, procured or otherwise had knowledge of the witness's presence in the courtroom, together with knowledge of the content of that witness's testimony; and (2) if no particular circumstances existed to justify disqualification, was the excluded testimony crucial to the defense.

*Webb*, 766 S.W.2d at 245. The first part of the *Webb* analysis is dispositive of Jimenez's appellate issue. *See generally Brumbelow v. State*, 885 S.W.2d 446 (Tex. App.—Tyler 1994, pet. ref'd), *republished at*, 10 S.W.3d 685, 688 (Tex. App.—Tyler 1994) (applying *Webb* analysis when two witnesses spoke outside of court after the invocation of the Rule).

The record reflects the Rule was invoked at the beginning of Jimenez's trial. The court admonished all witnesses they could not remain in the courtroom until called or converse with anyone about the case except the attorneys involved. Prior to the commencement of Jimenez's case in chief, the State advised the trial court that defense witness Trish Gonzales had violated the Rule the previous day. The State informed the court that Jimenez and Gonzales were recorded discussing details of the testimony presented in the case. The State also advised the court that Gonzales knew the Rule was invoked at the beginning of trial as she acknowledged this point during her conversation with Jimenez. The trial court subsequently sustained the State's objection to Gonzales's appearance as a witness on the ground she had violated the Rule by speaking with Jimenez about the ongoing trial.

Gonzales and Jimenez were aware of Gonzales's obligations under the Rule as evidenced by Gonzales's acknowledgment of the Rule during her conversation with Jimenez. Despite knowing the Rule precluded Gonzales and Jimenez from speaking about the trial, they discussed it anyway.

Gonzales clearly violated the trial court's order pertaining to the Rule by speaking with Jimenez about the trial, and the violation appears to have been perpetrated knowingly. Under these facts, we cannot say the trial court abused its discretion by disqualifying Gonzales as a witness because the record demonstrates "particular circumstances" existed, other than the mere fact of the violation, to justify Gonzales's exclusion. Jimenez's ninth issue is overruled.

**G. Exclusion of Evidence at Motion for New Trial Hearing**

Jimenez claims the trial court abused its discretion at the hearing on his motion for new trial by precluding him from offering several exhibits into evidence. Jimenez asserts "[t]he refusal of the trial court to admit the proffered exhibits at the new trial hearing was error, and deprived [him] of materials necessary to presentation of his appeal." Jimenez, however, fails to explain why it was error for the trial court to exclude his exhibits. In addition, he has offered no argument explaining how the excluded exhibits detracted from his ability to present his appeal. We therefore decline to disturb the trial court's decision regarding Jimenez's exhibits. *See* TEX. R. APP. P. 38.1(h). Jimenez's tenth issue is overruled.

**H. Cumulative Error**

Lastly, Jimenez urges this court to consider the cumulative impact of the errors presented above. While a number of errors may be deemed harmful in their cumulative effect, *Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999), we hold cumulative error has not been shown here. *See Wright*, 28 S.W.3d at 537. Jimenez's eleventh issue is overruled.

CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.

Catherine Stone, Chief Justice

Publish