Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★



★ ★ ★

## MEMORANDUM OPINION

No. 04-10-00695-CR

James **O'SHANNON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 09-01-0025-CRA
Honorable Donna S. Rayes, Judge Presiding

Opinion by:  Sandee Bryan Marion, Justice

Sitting:  Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice

Delivered and Filed:  July 6, 2011

AFFIRMED

A jury convicted appellant, James O'Shannon, of three counts of indecency with a child and sentenced him to three twenty-year terms of imprisonment to run consecutively.  We affirm.

### BACKGROUND

On May 20, 2008, J.K., appellant's step-daughter, made an outcry to her mother, appellant's wife, that appellant had raped her.  Appellant's wife took J.K. and two of J.K.'s sisters, also appellant's step-daughters, to the police station to make a report.  All three girls

testified appellant touched them inappropriately and/or raped them, beginning around 2004 or 2005. After the girls made their report to the police, a police officer took them to the Bluebonnet Children's Center, where they were interviewed by Mary Barrios, a forensic interviewer of abused children.

At trial, the State called Barrios as a lay witness to testify regarding the process of a forensic interview. Barrios testified she had worked as program director and forensic interviewer at the Bluebonnet Children's Center for almost four years and had completed almost three hundred hours of special training in forensic interviewing. She testified she had conducted about 570 interviews of children aged two to seventeen. The State asked Barrios to explain what a forensic interview is, how she conducts interviews, whether the interviews are relatively difficult for the children, and what happens after the interview is over. Barrios testified she interviewed J.K. and her two sisters, but she did not testify to what the girls told her. The following exchange occurred during the State's direct examination:

> Q. [by prosecutor] Okay. Is it common for you to interview victims years after the assault has occurred?
>
> A. [by Barrios] Yes.
>
> Q. Would you say that's pretty common or—
>
> A. Yes, it is common. Sometimes children are not going to talk about it right away. Most—in my experience, most of the children will not say anything right away. It takes them a while before either they get the courage to say something or they sometimes accidentally say something to their friends or they want to know is this what—is this happening to them also. So sometimes that's how they—they come about in disclosing or if they say something to the friend, sometimes the friend goes and tells the teacher and then that's how it's reported.

Appellant concedes in his brief on appeal that he did not object to the State calling Barrios or to any of Barrios's testimony.

## DISCUSSION

In his sole issue on appeal, appellant argues the trial court erred in permitting Barrios to provide expert opinion testimony when she was explicitly called only as a lay witness. Specifically, appellant complains Barrios gave expert opinion testimony when she testified as to why some children wait years before making an outcry. Appellant contends Barrios's testimony was actually an opinion on the "psychology behind why children delay in talking about alleged sexual abuse" and had the effect of improperly bolstering the testimony of the victims.

As a general rule, we review a trial court's decision to admit or exclude evidence for abuse of discretion. *Green v. State*, 934 S.W.2d 92, 101–02 (Tex. Crim. App. 1996); *Hernandez v. State*, 219 S.W.3d 6, 11 (Tex. App.—San Antonio 2006), *aff'd*, 273 S.W.3d 685 (Tex. Crim. App. 2008). We will not disturb the trial court's ruling if it lies within the "zone of reasonable disagreement." *Green*, 934 S.W.2d at 102. However, in order to preserve error in the admission of testimony, the defendant must make a timely objection at trial, and failure to object waives the error. *Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002) (en banc); *Jimenez v. State*, 307 S.W.3d 325, 332 (Tex. App.—San Antonio 2009, pet. ref'd).

Here, because appellant did not object to the admission of Barrios's testimony, he has not preserved error, if any, in the admission of her testimony. Accordingly, we overrule appellant's sole issue.

Sandee Bryan Marion, Justice

Do not publish