MEMORANDUM OPINION

 

No. 04-10-00600-CR

 

Glen MARTIN,

Appellant

 

v.

 

The STATE of
Texas,

Appellee

 

From the 437th
Judicial District Court, Bexar County, Texas

Trial Court No. 2008CR7030

Honorable Lori I.
Valenzuela, Judge Presiding

 

Opinion by:   Marialyn Barnard, Justice

 

Sitting:                     Karen Angelini, Justice

                     Steven
C. Hilbig, Justice

                     Marialyn
Barnard, Justice

 

Delivered and
Filed:  July 20, 2011

 

AFFIRMED

 

A jury found appellant Glen Martin guilty of
aggravated assault with a deadly weapon.  Martin had requested the trial court
assess punishment, and the trial court sentenced Martin to twenty years
confinement in the Texas Department of Criminal Justice–Institutional Division.
 On appeal, Martin contends the trial court erred in admitting certain
evidence.  We affirm the trial court’s judgment.  

Background

A detailed rendition of the facts is unnecessary to
the disposition of Martin’s claims.  We therefore provide a short factual
statement for context.  

Stephen Gilder and some friends went to a convenience
store.  As they were leaving the store, a “stocky male” confronted the group. 
When their attempts to ignore the man failed, Gilder responded.  As Gilder and
the “stocky male” argued, Martin appeared and approached the men.  Martin shot
Gilder twice.  

Martin was indicted and entered a plea of not
guilty.  After a jury trial, Martin was convicted.  He then perfected this
appeal.  

Analysis

In his first issue, Martin contends the trial court
erred in admitting “character evidence and other crimes, wrongs or acts.” 
Specifically, he maintains that “[t]hroughout the trial with multiple witnesses
as well as in closing argument numerous times, reference by the State was made
to gang violence, retaliation, ‘putting lives on the line’, etc.”  Martin
contends admitting this evidence was error under the federal and state
constitutions, the Texas Code of Criminal Procedure, and the Texas Rules of Evidence. 


We must first address the briefing of the first
issue.  Martin does not describe the specific evidence he contends should not
have been admitted, nor has he provided this court with a single record
citation to establish where this evidence was admitted or where he objected to
the admission of the evidence.  Rather, he generally refers this court to his
statement of facts, which consists of more than six pages.  Moreover, the
quoted statement above fairly describes Martin’s entire argument except for his
equally general statement that the admission of the evidence was harmful.  And
finally, although he quotes from the federal and state constitutions, the code
of criminal procedure, and the rules of evidence, he simply fails to apply the
law to the facts.  In other words, his brief is devoid of any actual argument. 


Rule 38.1(i) of the Texas Rules of Appellate
Procedure requires a brief to contain “a clear and concise argument for the
contentions made, with appropriate citations to the record.”  Tex. R. App. P. 38.1(i).  As stated by
the Texas Court of Criminal Appeals in overruling an appellant’s point of
error: “[i]t is not sufficient that appellant globally cite the ‘Sixth
Amendment,’ . . . it is incumbent upon counsel to cite specific legal authority
and to provide legal argument based upon that authority.”  Numerous courts,
including this one, have overruled issues based on inadequate briefing.  See,
e.g., Roberts v. State, 220 S.W.3d
521, 527-28 (Tex. Crim. App. 2007); Dornbusch v. State, 262 S.W.3d 432, 438 n.3 (Tex. App.—Fort Worth 2008,
no pet.); Kennedy v. State, 255 S.W.3d 684, 688 (Tex. App.—Eastland 2008, no pet.); Fleming
v. State, 987 S.W.2d 912, 921 (Tex.
App.—Beaumont 1999, no pet.); Torres v. State, 979 S.W.2d 668, 672 (Tex. App.—San Antonio 1998, no
pet.).  

Because Martin has done nothing more than state the
issue and generally cite to authorities without application or argument, he has
inadequately briefed his first issue, and we overrule it on that basis.  

As for his second issue, Martin’s brief is plagued by
the same inadequacies.  In issue two, Martin contends the same evidence he
complained of in his first issue should not have been admitted because it was
irrelevant.  Martin cites to rules 402 and 403 of the Texas Rules of Evidence
and cites a case for the appropriate standard of review.  Again, there is no
identification of the specific evidence which he contends should not have been
admitted, and no record references to the places where the evidence was
admitted and he objected to its admission.  There is merely the same reference
to his six-page statement of facts.  Accordingly, for the reasons issue one was
inadequately briefed and overruled, we overrule Martin’s second issue.  

Even if we were to overlook the briefing inadequacies
and review the merits of the issues, we would find Martin has preserved nothing
for our review because he failed to object to the evidence of which he
complains when it was admitted.  Martin, in fact, admits in his brief that no
trial objection was made.  

To preserve error for appellate review, the
complaining party must have presented to the trial court a timely request,
objection, or motion stating the specific grounds for the ruling desired,
unless the grounds are apparent from the context.  Tex. R. App. P. 33.1(a); Fuller v. State, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008); Griggs
v. State, 213 S.W.3d 923, 927 (Tex.
Crim. App. 2007); Jimenez v. State, 307 S.W.3d 325, 332 (Tex. App.—San Antonio 2009,
pet. ref’d).  This preservation requirement applies to complaints about the
improper admission of evidence.  Jimenez, 307 S.W.3d at 332 (quoting Saldano
v. State, 70 S.W.3d 873, 889 (Tex.
Crim. App. 2002)).  Moreover, a pretrial motion in limine preserves nothing for
appellate review; rather, an objection must be lodged when the evidence is
offered for admission at trial.  Fuller, 213 S.W.3d at 927; see Griggs, 213 S.W.3d at 926 n.1 (citing Manns
v. State, 122 S.W.3d 171, 190 (Tex.
Crim. App. 2003)).  

Because Martin only filed a motion in limine and
failed to object when the evidence of which he complains was offered for
admission into evidence, he has preserved nothing for our review.  See
id.  We therefore overrule his issues
on this basis as well.  

Based on the foregoing, we affirm the trial court’s
judgment.  

 

Marialyn Barnard,
Justice

 

Do Not Publish