*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


# MEMORANDUM OPINION

No. 04-10-00600-CR

Glen **MARTIN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2008CR7030
Honorable Lori I. Valenzuela, Judge Presiding

Opinion by:   Marialyn Barnard, Justice

Sitting:        Karen Angelini, Justice
              Steven C. Hilbig, Justice
              Marialyn Barnard, Justice

Delivered and Filed:  July 20, 2011

AFFIRMED

A jury found appellant Glen Martin guilty of aggravated assault with a deadly weapon. Martin had requested the trial court assess punishment, and the trial court sentenced Martin to twenty years confinement in the Texas Department of Criminal Justice–Institutional Division. On appeal, Martin contends the trial court erred in admitting certain evidence. We affirm the trial court's judgment.

**BACKGROUND**

A detailed rendition of the facts is unnecessary to the disposition of Martin's claims. We therefore provide a short factual statement for context.

Stephen Gilder and some friends went to a convenience store. As they were leaving the store, a "stocky male" confronted the group. When their attempts to ignore the man failed, Gilder responded. As Gilder and the "stocky male" argued, Martin appeared and approached the men. Martin shot Gilder twice.

Martin was indicted and entered a plea of not guilty. After a jury trial, Martin was convicted. He then perfected this appeal.

**ANALYSIS**

In his first issue, Martin contends the trial court erred in admitting "character evidence and other crimes, wrongs or acts." Specifically, he maintains that "[t]hroughout the trial with multiple witnesses as well as in closing argument numerous times, reference by the State was made to gang violence, retaliation, 'putting lives on the line', etc." Martin contends admitting this evidence was error under the federal and state constitutions, the Texas Code of Criminal Procedure, and the Texas Rules of Evidence.

We must first address the briefing of the first issue. Martin does not describe the specific evidence he contends should not have been admitted, nor has he provided this court with a single record citation to establish where this evidence was admitted or where he objected to the admission of the evidence. Rather, he generally refers this court to his statement of facts, which consists of more than six pages. Moreover, the quoted statement above fairly describes Martin's entire argument except for his equally general statement that the admission of the evidence was harmful. And finally, although he quotes from the federal and state constitutions, the code of

criminal procedure, and the rules of evidence, he simply fails to apply the law to the facts. In other words, his brief is devoid of any actual argument.

Rule 38.1(i) of the Texas Rules of Appellate Procedure requires a brief to contain "a clear and concise argument for the contentions made, with appropriate citations to the record." TEX. R. APP. P. 38.1(i). As stated by the Texas Court of Criminal Appeals in overruling an appellant's point of error: "[i]t is not sufficient that appellant globally cite the 'Sixth Amendment,' . . . it is incumbent upon counsel to cite specific legal authority and to provide legal argument based upon that authority." Numerous courts, including this one, have overruled issues based on inadequate briefing. *See, e.g., Roberts v. State*, 220 S.W.3d 521, 527-28 (Tex. Crim. App. 2007); *Dornbusch v. State*, 262 S.W.3d 432, 438 n.3 (Tex. App.—Fort Worth 2008, no pet.); *Kennedy v. State*, 255 S.W.3d 684, 688 (Tex. App.—Eastland 2008, no pet.); *Fleming v. State*, 987 S.W.2d 912, 921 (Tex. App.—Beaumont 1999, no pet.); *Torres v. State*, 979 S.W.2d 668, 672 (Tex. App.—San Antonio 1998, no pet.).

Because Martin has done nothing more than state the issue and generally cite to authorities without application or argument, he has inadequately briefed his first issue, and we overrule it on that basis.

As for his second issue, Martin's brief is plagued by the same inadequacies. In issue two, Martin contends the same evidence he complained of in his first issue should not have been admitted because it was irrelevant. Martin cites to rules 402 and 403 of the Texas Rules of Evidence and cites a case for the appropriate standard of review. Again, there is no identification of the specific evidence which he contends should not have been admitted, and no record references to the places where the evidence was admitted and he objected to its admission.

There is merely the same reference to his six-page statement of facts. Accordingly, for the reasons issue one was inadequately briefed and overruled, we overrule Martin's second issue.

Even if we were to overlook the briefing inadequacies and review the merits of the issues, we would find Martin has preserved nothing for our review because he failed to object to the evidence of which he complains when it was admitted. Martin, in fact, admits in his brief that no trial objection was made.

To preserve error for appellate review, the complaining party must have presented to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired, unless the grounds are apparent from the context. TEX. R. APP. P. 33.1(a); *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008); *Griggs v. State*, 213 S.W.3d 923, 927 (Tex. Crim. App. 2007); *Jimenez v. State*, 307 S.W.3d 325, 332 (Tex. App.—San Antonio 2009, pet. ref'd). This preservation requirement applies to complaints about the improper admission of evidence. *Jimenez*, 307 S.W.3d at 332 (quoting *Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002)). Moreover, a pretrial motion in limine preserves nothing for appellate review; rather, an objection must be lodged when the evidence is offered for admission at trial. *Fuller*, 213 S.W.3d at 927; *see Griggs*, 213 S.W.3d at 926 n.1 (citing *Manns v. State*, 122 S.W.3d 171, 190 (Tex. Crim. App. 2003)).

Because Martin only filed a motion in limine and failed to object when the evidence of which he complains was offered for admission into evidence, he has preserved nothing for our review. *See id.* We therefore overrule his issues on this basis as well.

Based on the foregoing, we affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish