

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00283-CR

Mark Anthony **FLORES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CR-8783
Honorable Sid L. Harle, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:       Sandee Bryan Marion, Justice
               Rebeca C. Martinez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed: February 26, 2014

AFFIRMED

Appellant, Mark Anthony Flores, pled guilty to theft over $200,000, and a jury assessed punishment at twenty years' confinement. In a single issue on appeal, appellant asserts the trial court erred by denying his motion for mistrial after it was shown the prosecutor unnecessarily injected himself into the case as a prosecution witness. Because we conclude appellant did not properly preserve his complaint for our review on appeal, we affirm.

**DISCUSSION**

During the punishment hearing, appellant admitted he stole $525,912.46 and "blew [the money] on drinking and strippers," and he took women out to dinner and to other places, such as Fredericks's of Hollywood. One of the State's witnesses, Bob Sills, testified about the investigation he conducted for the State. Sills, a criminal investigator for the Bexar County District Attorney's Office, testified during direct examination by the assistant district attorney, Stephen Patrick Ballantyne, that he accompanied Ballantyne to various establishments in San Antonio at Ballantyne's request:

> Q. What kind of establishments did I ask you to accompany me to?
> A. Those were gentlemen's clubs.
> Q. And why did I - - if you know, why did I ask you to accompany me to those?
>
> [defense speculation objection overruled]
>
> A. We wanted to verify where charges were made by the Defendant, because they did not necessarily have the gentlemen's club's names on the receipts.[1]

Ballantyne then showed Sills various bank account statements belonging to appellant, and Sills identified the entities listed on the statements as businesses that offer topless or partially nude entertainment. On cross-examination, Sills admitted he did not view any document posted at the establishments stating the name of the entity, which is why Ballantyne used his personal credit card to purchase soda and they were then able to identify from his receipt the actual name of the establishment. On re-direct examination, Ballantyne showed Sills two exhibits that were copies of his [Ballantyne's] receipts, and he asked Sills whether each exhibit was the receipt Sills witnessed him receiving upon purchase of a soda. After Sills identified the exhibits, Ballantyne

---

[1] Prior to Sills testifying, Ballantyne explained he needed Sills's testimony because charges on appellant's bank account records were so-called "alias charges" and did not indicate the name of the gentlemen's club. For example, one of the bank account charges showed "35 Bar and Grille, San Antonio, Texas." The State used Ballantyne's receipt to identify this entity as "San Antonio Gentlemen's Club."

moved to admit them into evidence. At this point, defense counsel objected that Ballantyne "ha[d] just [injected] himself as a witness in this case," moved to strike the testimony, and asked for a mistrial. The trial court sustained the objection to the exhibits, but denied the request for a mistrial. The trial court did not rule on defense counsel's request to strike the testimony.

On appeal, appellant complains the trial court should have granted a mistrial because Ballantyne personally injected himself into the case. However, defense counsel did not object on this basis to Sills's testimony, and in fact, defense counsel cross-examined Sills about his and Ballantyne's visits to the clubs. Therefore, any complaint about the trial court's denying the motion for mistrial on this basis is waived. *Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002) (in order to preserve error in the admission of testimony, defendant must make a timely and specific objection at trial, and failure to object waives error); *Jimenez v. State*, 307 S.W.3d 325, 332 (Tex. App.—San Antonio 2009, pet. ref'd) (same); *see also Lane v. State*, 151 S.W.3d 188, 192-93 (Tex. Crim. App. 2004) (when same testimony is admitted without objection elsewhere during trial, defendant waives any complaint he may have had regarding admissibility of the testimony).

To the extent appellant's complaint on appeal encompasses Sills's testimony about Ballantyne's receipts, we note defense counsel did not object when Sills identified the State's exhibits as the receipts, but instead, objected only when the State attempted to offer the receipts into evidence. Therefore, any complaint about the trial court's denying the motion for mistrial on this basis is also waived.

## CONCLUSION

We overrule appellant's issue on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice

Do not publish