

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| EDITH ROMAN, | § | |
| Appellant, | § | No. 08-13-00019-CR |
| | § | Appeal from the |
| v. | § | Municipal Court of Appeals |
| THE STATE OF TEXAS, | § | of El Paso, Texas |
| Appellee. | § | (TC# 12-MCA-3608) |
| | § | |

## **O P I N I O N**

Edith Roman, filing *pro se*, appeals an El Paso Municipal Court of Appeals order affirming her conviction on one count of failure to maintain financial responsibility under the Texas Traffic Code. In her sole issue on appeal, Roman contends that she merits a new trial under TEX.R.APP.P. 34.6(f) because portions of the trial transcript were transcribed as being inaudible. We affirm.

### BACKGROUND

Appellant appeared *pro se* before El Paso Municipal Court Judge Victor Salas to contest her traffic citation. She requested and received a trial by jury. The jury found Appellant guilty and assessed a fine of $200.00 plus court costs, and the municipal trial judge entered judgment on the verdict. Appellant appealed to the El Paso Municipal Court of Appeals ("El Paso MCA").

The record indicates that the municipal court waived the filing fee and the appeal bond on the basis of indigency.

Appellant asked the El Paso MCA to grant her a new trial under TEX.R.APP.P. 34.6(f) because the quality of the trial recording made by the court reporter was poor, resulting in an incomplete transcript of proceedings. However, Appellant never submitted any formal appellate brief, which prompted the El Paso MCA to issue a notice of intent to dismiss for want of prosecution. Ultimately, the El Paso MCA denied Appellant's request for a new trial, holding that although parts of the transcript were unintelligible, she had not established how the inaudible testimony was necessary to her appeal. It also held that there was enough testimony presented to uphold her conviction as legally and factually sufficient.

## DISCUSSION

Based on our review of the documents filed in the court below, we determine that Appellant has raised a single issue on appeal. In Issue One, Appellant contends that the El Paso Municipal Court of Appeals erred by refusing to grant her a new trial on the basis of the partially inaudible portions indicated on the transcript. We disagree.

### Applicable Law

The Uniform Municipal Courts of Record Act, TEX.GOV'T CODE ANN. §§ 30.00001-30.00164 (West 2004 & Supp. 2013)("UMCRA"), vests the governing bodies of municipalities with the power to create municipal courts of record by city ordinance and establishes the default structure, rules, and procedures for those municipal court systems. *See* TEX.GOV'T CODE ANN. 30.00001(b). In turn, the Texas Legislature has established by statute numerous municipality-specific subchapters of the Texas Government Code defining additional procedures unique to each municipal court system. The El Paso Courts Act, TEX.GOV'T CODE ANN. §§ 30.00122-

2

30.00164, sets out procedures unique to the City of El Paso's municipal court system, as established by city ordinance.[1] To the extent that the UMCRA and the El Paso Courts Act conflict, the El Paso Courts Act governs in an El Paso municipal case. *See* TEX.GOV'T CODE ANN. 30.00001(c).[2]

"Except as modified" by the UMCRA and the El Paso Courts Act, "the Code of Criminal Procedure and the Texas Rules of Appellate Procedure govern the trial court cases before the municipal courts of record." TEX.GOV'T CODE ANN. 30.00023; *see also Ochoa v. State*, 994 S.W.2d 283, 285 (Tex.App.--El Paso 1999, no pet.)(applying Rules of Appellate Procedure in reviewing an appeal from the municipal court of appeals). Under TEX.R.APP.P. 34.6(f), "[a]n appellant is entitled to a new trial" where: (1) the "appellant has timely requested a reporter's record;" (2) "if, without the appellant's fault . . . a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;" (3) "if the lost, destroyed, or inaudible portion of the reporter's record . . . is necessary to the appeal's resolution;" and (4) "if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties . . . ." *See* TEX.R.APP.P. 34.6(f).

We review *de novo* the El Paso MCA's ruling on whether the inaudible portions of the transcript warrant a new trial. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997)(*de novo* review for "mixed questions of law and fact" not turning on an "evaluation of [witness]

---

[1] See EL PASO, TEX., CODE § 2.44.010 (2002)(amended ordinance establishing municipal courts of record); EL PASO, TEX., CODE § 2.44.020 (1999)(ordinance establishing municipal court of appeals), *available at* http://library.municode.com/index.aspx?clientId=16180&stateId=43&stateName=Texas.

[2] For example, the El Paso Municipal Court System is specifically exempted from the default appellate procedures established by the UMCRA. *See* TEX.GOV'T CODE ANN. § 30.00145(b). Instead, appeals to the El Paso MCA are subject to the specific statutory procedures outlined in the El Paso Courts Act, *see* TEX.GOV'T CODE ANN. §§ 30.00144-30.00147, §§ 30.00162-30.00164; any non-conflicting appellate rules or statutory provisions, and any rules made and published by the El Paso MCA itself. TEX.GOV'T CODE ANN. § 30.00143.

credibility and demeanor"); *Villarreal v. State*, 935 S.W.2d 134, 139 (Tex.Crim.App. 1996)(McCormick, P.J., concurring)(where lower court "is not in an appreciably better position than the appellate court to decide the issue, the appellate court may independently determine the issue while affording deference to the trial court's findings on subsidiary factual questions.")[Internal citations and quotation marks omitted]. However, our scope of review in El Paso MCA appeals is constrained by statute. The briefs filed with the MCA are the briefs we must resort to in reviewing the MCA's decision. TEX.GOV'T CODE ANN. § 30.00027(b)(1). We may not consider any other briefing in cases on appeal from the El Paso MCA. *Id.* "Where an appellant may meet the other requirements of Rule 34.6(f), but fails to show the missing portion of the record is necessary to his appeal's resolution, a new trial is not required." *Jimenez v. State*, 307 S.W.3d 325, 333 (Tex.App.--San Antonio 2009, pet. ref'd).

## Analysis

In reviewing Appellant's brief and the trial transcript, we find that Appellant is not entitled to a new trial under TEX.R.APP.P. 34.6(f). Although we note that the transcript of the electronic trial recording indicates that several portions of the recording were inaudible to the reporter, Appellant bore the burden of establishing how the inaudible portions of testimony were necessary to her appeal's resolution. *Jimenez,* 307 S.W.3d at 333. "[P]ro se litigants are held to the same standards as attorneys and must comply with all applicable and mandatory rules of procedure." *Preston v. State*, 01-03-00480, 481, 482, & 483-CR, 2003 WL 22209777, *2 (Tex.App.--Houston [1st Dist.] Sept. 25, 2003, no pet.)(mem. op., not designated for publication). Appellant's bare assertions that portions of the trial transcript are missing and that they are relevant are not enough to show harm under Rule 34.6 and thereby justify the grant of a new trial. *See Routier v. State*, 112 S.W.3d 554, 571-72 (Tex.Crim.App. 2003)(appellant's

4

"suggestion that [jury] instructions" contained in 54 pages of the reporter's record that were unusable due to lack of certification "*may* have been erroneous, without more, does not make that portion of the record necessary to her appeal")[Emphasis in original]. Because Appellant failed to meet her burden in establishing that the missing portions were necessary to appeal, we deny Appellant's request for a new trial.

Issue One is overruled. We affirm the El Paso MCA's judgment.


March 5, 2014

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

5