

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00744-CR

Kristopher Matthew **SAXON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR10448
Honorable Stephanie R. Boyd, Judge Presiding

Opinion by:     Lori I. Valenzuela, Justice

Sitting:          Irene Rios, Justice
                  Beth Watkins, Justice
                  Lori I. Valenzuela, Justice

Delivered and Filed: December 20, 2023

AFFIRMED

A jury found appellant Kristopher Matthew Saxon guilty of felony assault on a family member, and the trial court assessed punishment at ten years' confinement. On appeal, Saxon argues the trial court committed reversible error by allowing a punishment phase witness to be in the courtroom during the guilt-innocence phase of his trial. We affirm.

### BACKGROUND

On September 19, 2019, Saxon was indicted for assault on a family member. *See* TEX. PENAL CODE § 22.01(b)(2). Saxon pleaded not guilty, and his trial began on July 28, 2022. Before

opening statements, the State invoked the Rule but sought the trial court's permission to allow Tammy McKeever, a punishment phase witness, to remain in the courtroom during the guilt-innocence phase of Saxon's trial. The State asserted McKeever was a victim of Saxon in an unrelated pending alleged sexual assault case, the State did not anticipate calling her as a witness during the guilt-innocence phase of the trial, and that her testimony would not be affected by hearing other testimony. Saxon objected to the State's request contending that the State had represented that it was planning to dismiss McKeever's case. Therefore, according to Saxon, McKeever should not be excluded from the Rule. He also argued her presence would preclude Saxon from a fair trial. The trial court overruled Saxon's objection and allowed McKeever to remain in the courtroom. Neither the State nor Saxon called McKeever to testify during the guilt-innocence phase of the trial. After the parties' closing arguments, the jury found Saxon guilty.

Following testimony from McKeever and several other witnesses during the punishment phase, the trial court sentenced Saxon to ten years' confinement—suspended for eight years of community supervision. In his sole appellate issue, Saxon argues the trial court erred when it allowed McKeever to remain in the courtroom and later testify in violation of Texas Rules of Evidence 614 and Texas Code of Criminal Procedure Section 36.03.

## THE RULE

### *Standard of Review and Applicable Law*

We review the trial court's application of the rules of evidence regarding witness exclusion under an abuse of discretion standard. *Bell v. State*, 938 S.W.2d 35, 50 (Tex. Crim. App. 1996) (per curiam). A trial court does not abuse its discretion unless the decision "was so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008); *Qualls v. State*, 547 S.W.3d 663, 677 (Tex. App.—Fort

Worth 2018, pet. ref'd) ("An abuse of discretion occurs when the violative testimony prejudices or harms the defendant.").

Texas Rule of Evidence 614, commonly referred to as "the Rule," "provides for the exclusion of witnesses from the courtroom during trial." *Jimenez v. State*, 307 S.W.3d 325, 334 (Tex. App.—San Antonio 2009, pet. ref'd); TEX. R. EVID. 614; *see also* TEX. CODE CRIM. PROC. art. 36.05 (requiring that a witnesses under the Rule shall not "be allowed to hear any testimony in the case."). "The purpose of the Rule is to prevent corroboration, contradiction, and the influencing of witnesses." *Jimenez*, 307 S.W.3d at 334. The Rule may be invoked at the request of either party or by the court on its own motion. TEX. R. EVID. 614. "When the Rule is invoked, a witness should not hear testimony in the case or talk to any other person about the case without the court's permission." *Jimenez*, 307 S.W.3d at 334. Both the Rule and the Texas Code of Criminal Procedure exempt, among other persons, a victim witness from exclusion unless the witness's testimony would be materially affected if the witness were to hear other testimony at trial. TEX. R. EVID. 614(d); TEX. CODE CRIM. PROC. art. 36.03(a); *see also* TEX. CODE CRIM. PROC. art. 36.03(d)(2) (defining "victim" in the Article as "a victim of any criminal offense.").

When, as here, the complaint revolves around a punishment phase witness who heard testimony during the guilt phase of the trial, we "must consider the witness, the nature of [her] testimony, and its relationship to the case in chief." *Upton v. State*, 894 S.W.2d 426, 428 (Tex. App.—Amarillo 1995, pet. ref'd). Generally, "the admission of testimony related to something other than guilt or innocence is unlikely to result in the violation of [the Rule.]" *Id*. Nevertheless, the trial court commits reversible error if (1) the trial court's ruling amounts to an abuse of discretion and (2) the trial court's abuse of discretion caused harm to the defendant. *Archer v. State*, 703 S.W.2d 664, 666 (Tex. Crim. App. 1986); *Qualls*, 547 S.W.3d at 677. Two questions guide our determination of whether the trial court's violation of the Rule constitutes harmful error:

"(1) did the witness actually confer with or hear the testimony of the other witness; and (2) did the witness's testimony contradict the testimony of a witness from the opposing side or corroborate the testimony of another witness [she] had conferred with or had otherwise actually heard." *Webb v. State*, 766 S.W.2d 236, 240 (Tex. Crim. App. 1989).

*Analysis*

Responding to Saxon's sole appellate issue, the State asserts McKeever was exempt from the Rule because she was a victim of Saxon in a pending but separate alleged sexual assault case. Alternatively, without conceding that McKeever did not meet the statutory definition to be exempt from the Rule in this case, the State argues any error committed by the trial court was harmless.

Assuming without deciding that McKeever was subject to the Rule and did not meet the statutory requirements to be exempt from exclusion, the trial court's error did not harm Saxon. *See Archer*, 703 S.W.2d at 666; *Qualls*, 547 S.W.3d at 677; *Upton*, 894 S.W.2d at 428. The State called McKeever after the jury had determined Saxon's guilt. McKeever's testimony during the punishment phase of the trial neither supported nor contradicted the evidence presented during the guilt phase of the trial. *See Upton*, 894 S.W.2d at 428 (holding the trial court did not err where the witness's "testimony during the punishment phase of the trial neither corroborated nor contradicted evidence serving to establish or refute an element of the crime."). McKeever's testimony focused on the alleged actions of Saxon in her pending sexual assault case, which was untethered to the evidence necessary to find Saxon guilty during his trial. Accordingly, we hold the trial court did not commit reversible error by allowing McKeever to testify during the punishment phase despite her attendance during the guilt-innocence phase of the trial.

## CONCLUSION

Having overruled Saxon's sole appellate issue, we affirm the judgment of the trial court.


Lori I. Valenzuela, Justice


DO NOT PUBLISH